UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California corporation,<br><br>                            Plaintiff,<br><br>   v.<br><br>JOHN DOES 1 through 35,<br><br>                            Defendants. | Civil No.   12-cv-1135-LAB (DHB)<br><br>**ORDER DENYING *EX PARTE* APPLICATION RE: LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 11]** |

On August 19, 2012, putative John Doe No. 8 ("Defendant") filed an *Ex Parte* Application re: Leave to File Motion for Reconsideration ("Application") (ECF No. 11) of the Court's June 28, 2012 Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference ("Early Discovery Order") (ECF No. 6).  Although Plaintiff Malibu Media, LLC expressed the intent to oppose the Application prior to its filing (*see* ECF No. 11-2), to date, no opposition to the Application has been filed.  (*See* ECF No. 12.)

Defendant's Application is brought pursuant to District Judge Larry A. Burns' Standing Order 4(j), which requires that a party obtain leave of court prior to filing a motion for reconsideration. Standing Order 4(j) states, in part: **"Motions for reconsideration are disfavored unless a party shows there is new evidence, a change in controlling law, or establishes that the Court committed clear error in the earlier ruling."**[1]

---

[1] Standing Order 4(j) also requires that *ex parte* applications seeking leave to file a motion for reconsideration "contain a <u>brief</u> summary of the argument the party intends to present in a motion for reconsideration, and <u>shall not exceed five pages in length</u>."  (Emphasis added.)  The Court notes that

- 1 -                                                                    12cv1135-LAB (DHB)

1  Defendant contends that reconsideration is appropriate for several reasons.  First, "although the
2  Early Discovery Order had a serious impact on the legal rights of the putative John Does, *the Does*
3  *never got a chance to oppose plaintiff's motion for early discovery*."  (Application at 2:13-15.)[2]
4  Second, because Plaintiff has no intention of serving the Doe defendants, Plaintiff abused the subpoena
5  power to obtain identifying information in order to "shake down" the Doe defendants for an "easy
6  settlement." (Application at 3:2-6.)  Third, Plaintiff's unopposed motion for early discovery (ECF No.
7  4) materially misled the Court by: (i) representing that federal courts have unanimously approved early
8  discovery for purposes of identifying fictitiously named defendants; (ii) failing to address the issue of
9  misjoinder; and (iii) submitting a sworn declaration from Plaintiff's counsel indicating that the discovery
10  sought will facilitate service on the Doe defendants despite Plaintiff's intent to never actually serve the
11  Doe defendants.  (Application at 4:12-27.)  Fourth, Defendant desires to introduce new evidence of
12  Plaintiff's alleged abusive litigation tactics. (Application at 5:1-12.)  Finally, the Early Discovery Order
13  failed to address determinative legal issues including that the discovery sought would not "very likely"
14  reveal the identity of the Doe defendants, the subpoenas are not "reasonably likely" to result in service
15  on the Doe  defendants, and the Complaint cannot withstand a hypothetical motion to dismiss for
16  improper joinder.  (Application at 5:15-21.)

17  Defendant also requests that the return dates for any outstanding subpoenas to Internet Service
18  Providers ("ISPs") be stayed pending a ruling on a motion for reconsideration. (Application at 6:1-11.)

19  For the reasons set forth below, however, the Court **DENIES** Defendant's Application for leave
20  to file a motion for reconsideration.

21  Initially, the Court's Local Civil Rules require that a motion for reconsideration be filed within
22  twenty-eight (28) days after the entry of the order.  CivLR 7.1(i)(2).  The Court issued the Early
23  Discovery Order on June 28, 2012.  Defendant's Application was not filed until August 19, 2012.

---

27  Defendants' Application, including exhibits, is 222 pages in length.

28  [2] Page numbers for docketed materials cited in this Order refer to those imprinted by the Court's electronic filing system.

1 However, Defendant has made no effort to explain this delay.[3]

2 However, notwithstanding Defendant's untimely Application, the Court considers the merits of Defendant's Application and determines that Defendant has not shown that there is new evidence or a change in controlling law, or that the Court committed clear error when it issued the Early Discovery Order.

First, that the Doe defendants did not have an opportunity to oppose the early discovery does not justify reconsideration. Motions for early discovery in order to seek the identity of fictitiously named defendants will, by their very nature, be unopposed. However, the Ninth Circuit has expressly authorized this method of discovery under appropriate circumstances. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Second, Defendant's arguments that Plaintiff has no intention of serving the Doe defendants and that Plaintiff has engaged in abusive litigation tactics does not come as a surprise to the Court. Indeed, in issuing the Early Discovery Order, the Court was well aware that these arguments had been made in other cases involving Plaintiff. Notwithstanding, the Court exercised its discretion to allow limited early discovery in this case.

Third, the Court was not misled by Plaintiff's purported misrepresentations. The Court was mindful that federal courts have not unanimously approved the method of discovery authorized in this case, and that the case law on this subject has generated numerous outcomes. In addition, although Plaintiff did not address the issue of joinder, the Court considered the issue in its analysis. (*See* ECF No. 6 at 11:6-15.) Finally, as stated above, the Court was mindful of claims made in connection with other cases that Plaintiff has no intention of serving the Doe defendants. However, the Court, in its discretion, determined that Plaintiff had made a sufficient showing under the three-factor test set forth in *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

Accordingly, because Defendant has not demonstrated that there is new evidence or a change in controlling law, or that the Court committed clear error in issuing the Early Discovery Order, the Court **DENIES** Defendant's *Ex Parte* Application re: Leave to File Motion for Reconsideration.

---

[3] Perhaps this delay occurred because Defendant only recently received notice from the ISP that Defendant's identity had been subpoenaed by Plaintiff. However, Defendant did not set forth this reason, or any other, for the untimely Application.

1 | Defendant's request that the Court stay the return dates for any outstanding subpoenas to ISPs pending
2 | a ruling on a motion for reconsideration is **DENIED AS MOOT**.
3 | **IT IS SO ORDERED.**
4 | DATED: September 4, 2012

DAVID H. BARTICK
United States Magistrate Judge